New York County.—Hon. D. G. ROLLINS, Surrogate.—March, 1883.

Hassey v. Keller.

*In the matter of the estate of* Xavier Keller, *deceased.*

The fact that one to whom letters testamentary have been issued has but slight knowledge of the English language does not furnish sufficient ground for the revocation of those letters, where it does not appear that the estate has suffered or is likely to suffer evil results from that cause.

*It seems*, that an executor is a person interested in the estate of his testator (see Code Civ. Pro., § 2685), for the purpose of applying for the revocation of letters testamentary issued to one as his co-executor.

The executor of decedent's will presented a petition for the revocation of the letters of the executrix thereof, to whom the will gave the entire estate for life, with remainder over, upon the ground, among others, that she had taken exclusive possession of the entire estate, refusing to allow him any custody or control thereof, or access to the books and papers relating thereto, and claimed that she was the sole and absolute owner thereof. The respondent admitted her exclusive possession, etc., of the property which petitioner contended belonged to decedent's estate, asserted her title thereto, and showed that she had commenced an action in the Supreme Court to establish such title.—

*Held*, that the letters could not be revoked for such cause; but that the re-

maindermen should be protected during the pendency of respondent's action; and that, accordingly, respondent should be required (1) to file an account as executrix, and (2) under the authority granted by Code Civ. Pro.,§ 2602, to deposit the property in dispute, in a trust company, to the joint credit and subject to the joint order of the executor and executrix until further order, each being enjoined from any interference therewith, in the meantime, except that the executrix should have the exclusive enjoyment of the income.

PETITION by Edward F. Hassey, an executor of decedent's will, for the revocation of the letters granted to Catharine Keller, as executrix of the same will, and for other relief, on the ground of her alleged misconduct, incompetency, inability to read or write the English language, want of understanding, etc. Further facts are stated in the opinion.

AUGUST C. HASSEY, *for petitioner.*

COOK & SCHUCK, *for respondent.*

THE SURROGATE.—This decedent died in October, 1880, leaving a will whereby this respondent, his widow, was appointed his executrix, and this petitioner his executor.

The will was admitted to probate more than a year since; no appeal has been taken from the decree so admitting it, and no proceedings have been set on foot for revocation of probate.

By this will, the respondent executrix is given a life interest in the decedent's estate, and upon her decease the principal, except a legacy of $500, is directed to be disposed of as follows: One fourth to Mrs. Keller's sister and three fourths to the decedent's brothers.

In the present proceeding, the petitioner alleges that both himself and the respondent hold letters testament-

ary; but that the executrix has taken and maintains possession of the entire estate, and refuses to allow him any custody or control thereof, or any access to the papers, books and documents pertaining thereto; that the very property, indeed, which he insists belonged to the decedent and was bequeathed by his will, is claimed by the executrix as solely and absolutely her own, which she may lawfully use at her pleasure for her personal profit and enjoyment.

For this reason, among others, the petitioner asks that the letters of the executrix be revoked. The truth of his allegations in this regard is in the main admitted by the executrix in her answer. She stoutly asserts her title to the property in question, and presents a copy of her complaint in an action lately begun by her in the Supreme Court, wherein she asks that she be adjudged the owner of such property, notwithstanding the will of her deceased husband and the claim of this petitioning executor thereunder.

I must, however, deny this application so far as it prays for the revocation of her letters.

1. While it is apparently true that she has but slight knowledge of the English language, the estate does not seem to have suffered, or to be likely to suffer, any evil results from that cause.

2. It is not established to my satisfaction that she is, within the meaning of the Code, "unfit for the due execution of her office by reason of want of understanding."

3. Nor is it established that she has evinced such unfitness by improvident management of the estate. The second and third mortgage investments, made in the life-

time of the decedent, may, for aught that appears in the papers before me, have been prudently allowed to remain unchanged since his death.

But, while I do not feel warranted in revoking the respondent's letters, I must protect the rights of the residuary legatees, who may, in the event that she proves unsuccessful in her action in the Supreme Court, be discovered to be entitled, upon the termination of her life interest, to the very property to which she now lays claim. It is manifest that this cannot be effectually done if action upon this petition should be, as her counsel suggests, entirely suspended until the termination of that suit. She may very naturally, unless subjected to some restraint, sell or otherwise dispose of property which, with evident sincerity, she protests to be her own. And the imposition of such restraint will work no hardship, for the executrix declares that the income of the property has hitherto been sufficient, and will probably be sufficient hereafter, for all her wants. I accordingly direct:

1. That she file an account of her proceedings as executrix.

2. By the authority granted by § 2602 of the Code, that the property in dispute be deposited in a trust company, to the joint credit and subject to the joint order of the executor and executrix herein, until the further direction of this court, and that each of them be enjoined from making, meantime, any disposition of any portion of such property, except the income thereof; and that, as to such income, the executrix receive and enjoy the same, apart entirely from any control or interference on the part of this petitioner.

Ordered accordingly.